IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTWON L. WILLIAMS,<br><br>              Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, Director of the Nebraska Department of Correctional Services (NDCS), in his individual capacity; JEFF KASSELMAN, Medical Director of the Nebraska Department of Correctional Services (NDCS), in his individual capacity; DR. ROBERT CUNARD, Medical Doctor at the Diagnostic & Evaluation Center (NDCS), in his individual and official capacities; CHERYL FLINN, Physician Assistant, Contract at the Diagnostic & Evaluation Center (NDCS), in her individual and official capacities; ERIN DOUGHERTY, Physician Assistant, Contract at the Diagnostic & Evaluation Center (NDCS), in her individual and official capacities; ROB JEFFREYS, in his official capacity as Director of the Nebraska Department of Correctional Services; and JERRY LEE LOVELACEJR., in his official capacity as Medical Director of the Nebraska Department of Correctional Services;<br><br>              Defendants. | 4:23CV3214<br><br>**MEMORANDUM AND ORDER** |

       This matter is before the Court for case management and on Plaintiff's Motion for Extension of Time, Filing No. 47. On September 30, 2025, the Court entered a Memorandum and Order, Filing No. 20, authorizing service of process. On October 15, 2025, the summons issued to Defendant Erin Doughtery at the address for the Reception and Treatment Center ("RTC") was returned executed. Filing No. 24. However, on November 4, 2025, the Nebraska Department of Correctional Services ("NDCS") provided

notice to the Court that the summons delivered to Dougherty at RTC was not actually received by her as Dougherty is not currently employed by NDCS. Filing No. 43. On December 8, 2025, Plaintiff filed his Motion, which the Court liberally construes as seeking an extension of time to complete service on all unserved defendants. Filing No. 47. Upon consideration,

IT IS ORDERED that:

1. The Clerk of Court is directed to obtain the last known address for Defendant Erin Dougherty from the Marshals Service for service of process on Dougherty in her individual capacity.

2. Upon obtaining the necessary address, the Clerk of Court is directed to complete and issue summons for Defendant Erin Dougherty in her individual capacity at the address provided by the Marshals Service. The Clerk of Court is further directed to deliver the summons, the necessary USM-285 Form, the Complaint, Filing No. 1, a copy of the Court's September 30, 2025, Memorandum and Order, Filing No. 20, and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendant Erin Dougherty in her individual capacity. Service may be accomplished by certified mail, designated delivery service, or any other authorized method of service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.[1]

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

2

3. For service by certified mail or designated delivery service, the Marshals Service shall send the summons to Defendant within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

4. The Clerk of Court is directed to file under seal any document containing the last known personal address for Defendant Erin Dougherty.

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Plaintiff's Motion for Extension of Time, Filing No. 47, is granted, and Plaintiff is granted an extension of time to **January 28, 2026**, to complete service of process.

7. The Clerk of Court is directed to set a pro se case management deadline using the following text: **January 28, 2026**: service of process to be completed on Dougherty.

Dated this 10th day of December, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge