IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTWON L. WILLIAMS,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, Director of the Nebraska Department of Correctional Services (NDCS), in his individual capacity; JEFF KASSELMAN, Medical Director of the Nebraska Department of Correctional Services (NDCS), in his individual capacity; DR. ROBERT CUNARD, Medical Doctor at the Diagnostic & Evaluation Center (NDCS), in his individual and official capacities; CHERYL FLINN, Physician Assistant, Contract at the Diagnostic & Evaluation Center (NDCS), in her individual and official capacities; ERIN DOUGHERTY, Physician Assistant, Contract at the Diagnostic & Evaluation Center (NDCS), in her individual and official capacities; ROB JEFFREYS, in his official capacity as Director of the Nebraska Department of Correctional Services; and JERRY LEE LOVELACE JR., in his official capacity as Medical Director of the Nebraska Department of Correctional Services;<br><br>    Defendants. | 4:23CV3214<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on Plaintiff's Motion to Appoint Counsel, Filing No. 37; Motions for Status, Filing No. 44; Filing No. 45; and Plaintiff's discovery requests to Defendants, Filing No. 48; Filing No. 49; Filing No. 50. As explained below, the Court will grant Plaintiff's Motions for Status, deny his Motion to Appoint Counsel without prejudice, and strike his discovery requests from the record.

## I.  MOTIONS FOR STATUS

Plaintiff filed his Motions for Status on November 14 and November 17, 2025. Filing No. 44; Filing No. 45.  Plaintiff generally inquires as to the status of his Motion to Appoint Counsel and whether all the Defendants have been served in light of the Notice of Non-Service, Filing No. 43, filed by the Nebraska Department of Correctional Services, indicating Defendant Erin Dougherty has not been served.  Plaintiff also asks whether the Marshals Service will be required to serve Dougherty once she is located.

Upon consideration, Plaintiff's Motions for Status are granted and this order serves to advise Plaintiff of the status of this case.  The Court's ruling on Plaintiff's Motion to Appoint Counsel is set forth below in this order.  In a separate order dated December 10, 2025, the Court acknowledged that Defendant Dougherty has not been served yet with summons and directed the Clerk's office to obtain Dougherty's last known address from the Marshals Service and to issue new summons for Dougherty once her address is obtained for service by the Marshals Service.  Filing No. 51.  The Court also granted Plaintiff's request for an extension of time, *see* Filing No. 47, to complete service on Dougherty.  Filing No. 51.

## II.  MOTION TO APPOINT COUNSEL

Plaintiff asks the Court to appoint him counsel due to his inability to afford retained counsel, the complexity of the case, the likelihood of conflicting testimony if the case proceeds to trial, and the limitations on Plaintiff's ability to litigate his case due to his imprisonment, such as limited law library access and limited legal knowledge.  Filing No. 37.  "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  A district court "may

request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, Chambers v. Pennycook, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." Recca v. Omaha Police Dep't, 859 F. App'x 3, 4 (8th Cir. 2021) (citing Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)).

This is a relatively straightforward medical deliberate indifference case for which there is ample legal authority and in which Plaintiff claims Defendants improperly administered anti-seizure medication to Plaintiff. The facts regarding Plaintiff's claims should be readily discoverable. Plaintiff has demonstrated an ability to present his claims, at least through the initial stage of the litigation. Plaintiff's pro se filings are generally well-written, and he has complied with the Court's directives. Although this case ultimately may turn on resolving the dispute between Plaintiff's version of events and Defendant's version of events, as well as a credibility assessment of witnesses if the case proceeds to trial, it has not yet progressed to that stage. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." See Recca, 859 F. App'x at 5 (citing Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above, the request for the appointment of counsel will be denied without prejudice to reassertion.

The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later

3

developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

### III. DISCOVERY REQUESTS

On December 8, 2025, Plaintiff filed three documents titled "Plaintiff's Interrogatories to Defendants," Filing No. 48, "Plaintiff's Production Requests to Defendants," Filing No. 49, and "Plaintiff's Request for Admissions to Defendants," Filing No. 50. Plaintiff's filings clearly seek discovery from Defendants under Federal Rules of Civil Procedure 33, 34, and 36. However, discovery requests and responses must be served directly upon the opposing party.[1] *See* Fed. R. Civ. P. 33–36. The Court's local rules further specify that discovery materials "must not be filed until needed for trial, resolution of a motion, or on the court's order." NECivR 5.4(a). As such, Plaintiff's discovery requests to Defendants are unauthorized filings which will be ordered stricken from the Court file.

Additionally, Plaintiff's discovery requests are premature as the Court's local rules provide that in pro se cases "approximately 30 days after the last defendant files an answer, the court will issue an 'Order Setting Schedule for Progression of Case' addressing discovery and other issues. *No discovery may take place until this progression order is entered except upon motion and order*." NECivR 16.1(c) (emphasis added). Here, not all Defendants have answered the Complaint because Defendant Dougherty has not yet been served, and the Court has not entered a progression order. Thus, no discovery may take place at this time. See *Brown v. Dep't*

---

[1] The Court notes that discovery documents filed with the Court are not deemed to be served in accordance with the applicable Federal Rules of Civil Procedure.

4

*of Health & Human Servs.*, No. 8:16CV377, 2017 WL 1533386, at *3 (D. Neb. Apr. 26, 2017) ("[D]efendants should not have served any discovery requests until the progression order was entered. . . ."); *Hillard v. Windstream Commc'ns*, No. 8:10CV52, 2010 WL 1927970, at *1 (D. Neb. May 11, 2010) ("Defendants have not yet filed an answer and no progression order has been entered in this matter. Thus, in accordance with the court's Local Rules, no discovery may take place in this matter and no protective order is necessary.").

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motions for Status, Filing No. 44; Filing No. 45, are granted consistent with this Memorandum and Order.

2. Plaintiff's Motion to Appoint Counsel, Filing No. 37, is denied without prejudice to reassertion.

3. Plaintiff's discovery requests to Defendants, Filing No. 48; Filing No. 49; Filing No. 50, shall be stricken from the Court file.

Dated this 11th day of December, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge