IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTWON L. WILLIAMS,<br><br>        Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, Director of the Nebraska Department of Correctional Services (NDCS), in his individual capacity; et al.;<br><br>        Defendants. | **4:23CV3214**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel, Filing No. 54, filed on December 15, 2025, and two letters from Plaintiff filed on January 27 and February 11, 2026, respectively, Filing No. 57; Filing No. 58, which the Court construes as motions. Upon consideration, Plaintiff's Motion for Appointment of Counsel will be denied without prejudice and his letter motions will be denied, in part, and granted, in part, as explained below.

## I. MOTION FOR APPOINTMENT OF COUNSEL

First, Plaintiff renews his request for counsel citing the complexity of the case, his inability to investigate and present his case, the existence of conflicting testimony, his lack of legal training, and his inability to afford and retain counsel of his own. Filing No. 54. These are essentially the same factors Plaintiff cited in support of his previous motion for the appointment of counsel, Filing No. 37, which the Court denied on December 11, 2025, just four days before Plaintiff filed his present motion, Filing No. 52 at 2–4. The procedural posture of this case has not changed since the Court's previous order denying Plaintiff's request for counsel, and this case remains in its early stages.

Accordingly, for the same reasons stated in the Court's December 11, 2025, order, *see id*., Plaintiff's Motion for Appointment of Counsel is denied without prejudice to reassertion.  Again, the Court remains aware that this situation may change as litigation progresses, and the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree."  *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## II.  LETTER MOTIONS

Next, Plaintiff submitted two letters to the Court in which he asks for a copy of his "Initial Review," Filing No. 57; Filing No. 58 at 3, for "the last number of [his] 'Exhibit'" pertaining to this case, Filing No. 57, for any scheduled court dates, Filing No. 58 at 3, and for the Court to send the Nebraska Department of Correctional Services ("NDCS") "a garnishment so they can start removing the court fee monthly," *Id*.  The Court liberally construes Plaintiff's letters as motions, which the Court will deny, in part, and grant, in part, as follows.

Regarding Plaintiff's request for his "Initial Review," the Court assumes Plaintiff refers to the Court's September 30, 2025, Memorandum and Order in which the Court reopened this case, reviewed Plaintiff's Complaint, Filing No. 1, and allowed certain claims to proceed to service of process against the Defendants.  Filing No. 20.  Though Plaintiff is proceeding in forma pauperis ("IFP"), the statutory right to proceed IFP does not include the right to receive copies of documents without payment.  28 U.S.C. § 1915; *see also Guinn v. Heckler*, 43 F.3d 1483 (10th Cir. 1994) (unpublished table

2

decision) ("Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not…."); *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y.1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir.1973)).  As Plaintiff has not explained why he needs the September 20, 2025, Initial Review, which was previously sent to him, or why he cannot pay for a copy, his request for a copy of his Initial Review without payment is denied.  If Plaintiff requires copies of court documents, he should contact the Clerk's office to determine the proper method of requesting and paying for copies.  *See* NEGenR 1.2(d) ("Before providing a service, the clerk requires prepayment of all collectible fees prescribed by statute or the Judicial Conference of the United States."); *see also* 28 U.S.C. § 1914 & Judicial Conference Schedule of Fees (fee "[f]or reproducing any record and providing a copy in paper form, $.50 per page").

Plaintiff next asks for "the last number of [his] 'Exhibit'" pertaining to this case, Filing No. 57, and for any scheduled court dates, Filing No. 58 at 3.  Plaintiff's requests are granted to the extent that Plaintiff is advised the last "Exhibit" number attached to his Complaint is Exhibit No. 59, *see* Filing No. 1 at 79, and no court dates have yet been scheduled.  The Court will, however, enter a separate order addressing progression of this case.

Lastly, Plaintiff asks Court to send NDCS a garnishment order so that they remove $24.10 from his inmate account monthly as required by this Court's order granting him leave to proceed IFP. Filing No. 58. However, when the Court granted Plaintiff leave to proceed IFP on November 16, 2023, the Court only required payment of $24.10 as Plaintiff's *initial* partial filing fee. Filing No. 6. Plaintiff paid that initial amount of $24.10 on December 14, 2023. Plaintiff is not required to continue making monthly payments of $24.10 to the Court. Rather, as the Court explained:

> Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). *The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court* as follows:
>
>> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> 28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court.

Filing No. 6 at 2 (emphasis added).

Thus, NDCS is required to collect Plaintiff's remaining monthly payments in the amount of 20% of the prior month's income credited to Plaintiff's inmate account. Plaintiff does not need to take further action to ensure NDCS is remitting the necessary payments. However, in light of Plaintiff's concerns and request, the Court will send Plaintiff's institution a copy of the Court's previous order permitting Plaintiff to proceed IFP and reiterate that the institution must collect and remit the necessary payments to the Court.

4

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Motion for Appointment of Counsel, Filing No. 54, is denied without prejudice to reassertion for the reasons stated in the Court's December 11, 2025, Memorandum and Order, Filing No. 52.

2.  Plaintiff's letters, Filing No. 57 and Filing No. 58, construed as motions, are denied, in part, and granted, in part, as follows:

    a.  Plaintiff's request for a copy of his Initial Review is denied.

    b.  Plaintiff's request for information regarding the last number of his Exhibit and any scheduled court dates is granted consistent with this order.

    c.  Plaintiff's request that a garnishment be sent to NDCS is granted to the extent that the Court will again advise Plaintiff's institution that it must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), and forward those payments to the Court as set forth in the Court's November 16, 2023, order, Filing No. 6.

3.  The Clerk's office is directed to send a copy of this order and the Court's November 16, 2023, order, Filing No. 6, to the appropriate official at Plaintiff's institution.

4.  The Court will enter a separate progression order.

Dated this 26th day of May, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

5