IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANTWON L. WILLIAMS,

                    Plaintiff,

          vs.

SCOTT FRAKES, Director of the Nebraska
Department of Correctional Services
(NDCS), in his individual capacity; JEFF
KASSELMAN, Medical Director of the
Nebraska Department of Correctional
Services (NDCS), in his individual capacity;
DR. ROBERT CUNARD, Medical Doctor at
the Diagnostic & Evaluation Center (NDCS),
in his individual and official capacities;
CHERYL FLINN, Physician Assistant,
Contract at the Diagnostic & Evaluation
Center (NDCS), in her individual and official
capacities; ERIN DOUGHERTY, Physician
Assistant, Contract at the Diagnostic &
Evaluation Center (NDCS), in her individual
and official capacities; ROB JEFFREYS, in
his official capacity as Director of the
Nebraska Department of Correctional
Services; and JERRY LEE LOVELACEJR.,
in his official capacity as Medical Director of
the Nebraska Department of Correctional
Services;

                    Defendants.

4:23CV3214

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's third motion seeking appointment of counsel, Filing No. 67, a motion for extension of time, Filing No. 68, and what the Court construes as a motion to supplement, Filing No. 69. Also before the Court are various discovery materials filed by Plaintiff. Filing Nos. 70, 71, & 72. Each motion or filing shall be addressed in turn.

## I. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff filed a renewed motion seeking the appointment of counsel on June 22, 2026. Filing No. 67. In support of his motion, Plaintiff alleges he is indigent and "is confuse[d] at this point" now that litigation has progressed and the situation has changed. *Id*. at 1–2. Plaintiff further states this "suit relies on testimony from Medical Experts, which would not work with Pro Se inmates," and such experts "can testify on the adverse side effect when combining Keppra and Carbamazepine." *Id*. at 2. Plaintiff asks that counsel be appointed so that he may obtain medical experts before Defendants file a summary judgment motion. *Id*.

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

First, as for the complexity factors, the Court finds that this is a relatively straightforward deliberate indifference to a medical needs case involving alleged administration of two anti-seizure medications to Plaintiff over the course of four days. While Plaintiff argues medical expert testimony will be necessary, much of the relevant evidence will be contained in Plaintiff's medical records, and Plaintiff can testify to the

2

symptoms and effects he experienced while taking the medication. Thus, at this stage, the Court finds the complexity factors do not weigh in favor of appointment.

Second, the record before the Court suggests that Plaintiff has the ability to investigate the facts. For instance, Plaintiff attached a number of exhibits to his Complaint, Filing No. 1, including medical records and inmate interview requests, to support his allegations. *See Recca*, 859 F. App'x at 4–5 (citing *McNeil v. Lowney*, 831 F.2d 1368, 1372 (7th Cir. 1987)). Plaintiff has also filed copies of his discovery requests to Defendants, which indicates he is aware of and pursuing discovery tools available to him to investigate additional facts. *See id*. at 5.

Third, the record before the Court suggests that Plaintiff has the ability to present his claims, at least through the discovery and summary-judgment stages of the litigation. Plaintiff's pro se filings are generally well-written. *See id.* (citing *Ward v. Smith*, 721 F.3d 940, 943 (8th Cir. 2013); *Nachtigall v. Class*, 48 F.3d 1076, 1082 (8th Cir. 1995)). Plaintiff has filed copies of his response to Defendants' request for admissions, Filing No. 63, as well as copies of Plaintiff's discovery requests that he served on Defendants, Filing Nos. 64, 65, & 66. These filings reinforce the impression that Plaintiff is "capable of self-representation" through this stage of the litigation. *See Recca*, 859 F. App'x at 5 (quoting *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997)). Further reinforcing this impression, Plaintiff has filed a motion for extension of time to complete discovery, Filing No. 68, under Federal Rule of Civil Procedure 6(b), "suggesting both an awareness of the procedural rules relevant to his case and an ability to comply with those rules to avoid inadvertently defaulting his claims." *Recca*, 859 F. App'x at 5.

Fourth, as for the presence or absence of disputed testimony, although this case ultimately may turn on resolving the dispute between Plaintiff's version of events and Defendants' version of events, as well as a credibility assessment of the parties if the case proceeds to trial, it has not yet progressed to that stage.  *See Recca*, 859 F. App's at 5.  "Thus, this factor does not weigh heavily in the analysis."  *Id.* (citing *Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986) ("[T]he weight to be given any one factor will vary with the case."); *Rager v. Augustine*, 760 F. App'x 947, 949-50 (11th Cir. 2019) (per curiam) (discounting this factor where "the district court dismissed [the] claims at the summary judgment and dismissal stages, before any trial skills were necessary")).

As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges."  *See id.* (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). On this record and having considered the factors outlined above, the request for the appointment of counsel will be denied without prejudice to reassertion.

## II.  MOTION FOR EXTENSION OF TIME

On June 22, 2026, Plaintiff filed a motion for an extension of time under Federal Rule of Civil Procedure 6(b)(1)(A)-(B), which, liberally construed, seeks to extend the progression deadlines for completing written discovery and expert disclosures.  Filing No. 68.  Specifically, it appears Plaintiff wants additional time to complete subpoenas, disclose experts, and respond to Defendants' interrogatories and requests for production. Recently, on July 6, 2026, Plaintiff filed copies of his responses to Defendants' request for interrogatories, request for admissions,[1] and requests for production.

---

[1] Plaintiff had previously filed a copy of his initial response to Defendants' request for admissions on June 22, 2026.  Filing No. 63.

4

Upon consideration, the Court will grant Plaintiff's motion for an extension of time with respect to the deadline for completing written discovery and will extend the deadline to July 6, 2026, the date on which Plaintiff filed copies of his responses to Defendants' discovery requests. As to Plaintiff's request to extend the deadline for expert disclosures, and in light of no objection from Defendants, the Court will grant the request to the extent that the expert disclosure deadlines will be extended by 14 days as set forth below.

### III.  MOTION TO SUPPLEMENT

On July 6, 2026, Plaintiff filed what the Court construes as a motion to supplement his Complaint. Filing No. 69. Attached to the motion is a letter from Defendant Dr. Robert Cunard dated October 21, 2025, *Id*. at 2, which Plaintiff states he would like to add to the exhibits attached to his Complaint. Plaintiff also indicates that he has enclosed "proof that the Nebraska State Penitentiary Mailroom is holding my mail," Id. at 1, which consists of inmate interview requests sent by Plaintiff on June 9, 2026, asking about when various court filings were mailed, and the responses dated June 23, 2026, indicating the items had been mailed, *Id*. at 3–4.

As an initial matter, the Court notes Plaintiff's concerns about his institution holding his mail, but, as none of Plaintiff's filings have been untimely, the Court takes no action regarding that portion of the motion.

From a close inspection of Plaintiff's response to Defendants' requests for production, which was simultaneously filed with his motion to supplement, Plaintiff produced Dr. Cunard's October 21, 2025, letter in response to Defendants' production requests and generally seems to refer to the letter in conjunction with his Complaint exhibits. While the Court understands Plaintiff's desire to have the letter included in the

record, there is no need for discovery materials to be filed with the Court "until needed for trial, resolution of a motion, or on the court's order." NECivR 5.4(a). Additionally, as stated in the Court's progression order, a party seeking to amend the pleadings must comply with NECivR 15.1, and Plaintiff's motion to supplement does not. Accordingly, the Court will deny Plaintiff's motion to supplement, but Plaintiff may offer Dr. Cunard's letter in the future in response to a dispositive motion or as otherwise necessary.

## IV.  DISCOVERY MATERIALS

As discussed above, Plaintiff has filed copies of his discovery requests and his responses to Defendants' discovery requests. *See* Filing Nos. 63–66, 70–72. The Court takes this opportunity to remind Plaintiff that discovery requests and responses must be served directly upon the opposing party, *see* Fed. R. Civ. P. 33–36, and discovery documents filed with the Court are not deemed to be served in accordance with the applicable Federal Rules of Civil Procedure. *See* Filing No. 52 at 4.

IT IS THEREFORE ORDERED that:

1.	Plaintiff's motion for appointment of counsel, Filing No. 67, is denied without prejudice to reassertion.

2.	Plaintiff's motion for extension of time, Filing No. 68, is granted, and the progression order, Filing No. 60, is modified to provide that:

      a.	The deadline for completing written discovery is **July 6, 2026**.

      b.	The deadline for Plaintiff to complete expert disclosures is **July 21, 2026**, and the deadline for Defendants to complete expert disclosures is **August 18, 2026**.

3.    All other deadlines in the Court's Order Setting Schedule for Progression of Case, Filing No. 60, remain the same.

4.    Plaintiff's motion to supplement, Filing No. 69, is denied without prejudice to Plaintiff offering the attached exhibits in response to a motion or as otherwise necessary.

Dated this 10th day of July, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge