IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANTWON L. WILLIAMS,

Plaintiff,

vs.

SCOTT FRAKES, Director of the Nebraska Department of Correctional Services (NDCS), in his individual capacity; JEFF KASSELMAN, Medical Director of the Nebraska Department of Correctional Services (NDCS), in his individual capacity; DR. ROBERT CUNARD, Medical Doctor at the Diagnostic & Evaluation Center (NDCS), in his individual and official capacities; CHERYL FLINN, Physician Assistant, Contract at the Diagnostic & Evaluation Center (NDCS), in her individual and official capacities; ERIN DOUGHERTY, Physician Assistant, Contract at the Diagnostic & Evaluation Center (NDCS), in her individual and official capacities; ROB JEFFREYS, in his official capacity as Director of the Nebraska Department of Correctional Services; and JERRY LEE LOVELACEJR., in his official capacity as Medical Director of the Nebraska Department of Correctional Services;

Defendants.

**4:23CV3214**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for appointment of counsel, Filing No. 79, motion for deposition, Filing No. 80, motion for extension of time, Filing No. 81, and motion for a physical and mental examination, Filing No. 82. For the reasons that follow, the Court will grant Plaintiff's request for counsel, deny his motion for deposition and motion for an examination without prejudice, and grant his motion for extension to

the extent the Court will stay case progression in this matter until after counsel is appointed and enters an appearance.

## I. MOTION FOR APPOINTMENT OF COUNSEL

On September 4, 2026, Plaintiff renewed his request for the appointment of counsel stating that, though he has received assistance from his facility's legal aide throughout this case, he will require the assistance of counsel going forward based on his claims' legal plausibility, the merits of his case, the complexity of the facts and law, the number of witnesses who will give conflicting testimony, his inability to litigate effectively due to his lack of education, and his inability to retain counsel by his own efforts. Filing No. 79. When Plaintiff filed his motion for appointment of counsel, he also submitted a motion for deposition, Filing No. 80, and motion for extension of time to complete the depositions he seeks as well as file a motion to compel written discovery, Filing No. 81. Shortly thereafter, Plaintiff also filed a motion for a physical and mental examination under Federal Rule of Civil Procedure 35, Filing No. 82.

These discovery motions, along with Plaintiff's statements in support of appointing counsel, indicate Plaintiff is attempting to investigate the facts in support of his claims but he is hindered by his incarceration and a lack of understanding about how to properly pursue the discovery he seeks as the discovery motions he has filed are inappropriate and cannot be granted as explained below. Accordingly, after further consideration, the Court now finds that appointment of counsel would aid Plaintiff and the Court in bringing this case to a resolution. The Court will, therefore, grant Plaintiff's motion for counsel.

## II. MOTION FOR EXTENSION

As indicated above, Plaintiff seeks an extension of time of the September 1 and September 15 deadlines for depositions and filing motions to compel set forth in the Court's progression order. Filing No. 81; *see* Filing No. 60. Upon consideration and in light of the Court's decision to appoint Plaintiff counsel, the Court will grant Plaintiff's motion for extension to the extent that the Court shall suspend the deadlines in the progression order, Filing No. 60, until after the Court appoints counsel and counsel enters his or her appearance in this matter, at which time the Court shall address the setting of appropriate progression deadlines.

The Court notes that Defendants requested, and the Court granted, an extension of time to October 21, 2026, to file a motion for summary judgment. See Filing No. 84; Filing No. 85 (text order). The Court now clarifies that the suspension of the progression deadlines also applies to the deadline for filing summary judgment and other dispositive motions, and Defendants are not required to file their summary judgment motion by October 21.

## III. MOTION FOR DEPOSITION

On September 4, Plaintiff also filed a motion dated September 1, 2026, asking this Court to issue an order permitting Plaintiff to depose Defendants Dr. Robert Cunard and Physician's Assistants Cheryl Flinn and Ering Dougherty for the following reasons:

1. Allowing this deposition[ and] let jury read testimony . . . would help decide the trial outcome.

2. The deposition would allow Plaintiff to directly examination of their personal account of the Plaintiff's claim, without defense counsel['s] under prompting or leading.
3. This deposition . . . would show jury that Plaintiff's claim is genuine.
4. Due to facility water line break, Plaintiff was unable to use the Law Library in order to subpoena the Defendants.

Filing No. 80 (spelling and punctuation corrected; capitalization omitted).

A party's right to orally depose another party is governed by Rule 30 of the Federal Rules of Civil Procedure, which generally does not require leave of court or service of a subpoena. Thus, Plaintiff does not need an order from the Court allowing him to depose the Defendants. To the extent Plaintiff seeks the Court's assistance in conducting depositions of the Defendants, the Court is not required to grant such assistance. "Granting leave to proceed in forma pauperis does not grant the right to affirmative assistance from the court in conducting discovery or securing a court reporter." *Baker v. Immanuel Med. Ctr.*, No. 8:06CV655, 2007 WL 2914547, at *2 (D. Neb. Oct. 3, 2007) (denying pro se prisoner's motion to take depositions). Moreover, "[t]he statutory right to proceed in forma pauperis does not include the right to receive funds from the court to pay discovery or other costs relating to a pro se litigant's case." *Brown v. Strong*, No. 8:14CV298, 2016 WL 2350114, at *2 (D. Neb. May 4, 2016); *see Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075 (8th Cir. 1980) (rejecting in forma pauperis plaintiff's claim that district court erred in not requiring government to pay for deposition expenses or copies of records). Accordingly, Plaintiff's motion for deposition is denied without

prejudice to appointed counsel seeking to conduct similar discovery through appropriate means if counsel deems it necessary.

**IV. MOTION FOR PHYSICAL AND MENTAL EXAMINATION**

On September 17, 2026, Plaintiff filed a motion pursuant to Rule 35 of the Federal Rules of Civil Procedure asking the Court "to order the Plaintiff a physical and mental examination from a licensed or certified examiner[ because] Plaintiff would like the second opinion other than N.D.C.S. examiners, who this civil action is against." Filing No. 82 at 1 (spelling, punctuation, and capitalization corrected). The Court cannot grant Plaintiff's request.

Rule 35 provides, in relevant part, that a court, upon motion for good cause, "may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a). "Although a district court, pursuant to Rule 35, may, under appropriate circumstances, order a party to submit to a physical examination at the request of an opposing party, Rule 35 does not vest the court with authority to appoint an expert to examine a party on his own motion." *Foster v. Lombardi*, No. 1:12-CV-00116, 2013 WL 3820718, at *1 (E.D. Mo. July 23, 2013) (citing cases); *see also Cabrera v. Williams*, 2007 WL 2682163 at *2 (D. Neb. Sept.7, 2007) (finding no authority under Rule 35(a) to grant pro se prisoner plaintiff's request for medical examination). Accordingly, the Court denies Plaintiff's motion for an examination under Fed. R. Civ. P. 35.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for appointment of counsel, Filing No. 79, is granted. The Court will enter a separate order appointing counsel once an appointment is made.

2. Plaintiff's motion for extension, Filing No. 81, is granted to the extent that the Court shall suspend the deadlines in the progression order, Filing No. 60, until after counsel is appointed and enters an appearance in this matter, at which time the Court shall address the progression deadlines.

3. Plaintiff's motion for deposition, Filing No. 80, is denied without prejudice.

4. Plaintiff's motion for a Rule 35 physical and mental examination, Filing No. 82, is denied.

Dated this 16th day of October, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge